# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 1:22-cr-138** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **ARINZE OHUCHE,** | **MEMORANDUM OPINION AND** |
| **Defendant.** | **ORDER** |

This matter is before the Court upon Defendant Arinze Ohuche's ("Defendant') Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Compassionate Release filed under seal on May 9, 2024 ("Defendant's Motion").  (Doc. No. 74.)  On May 16, 2024, the United States of America filed the Government's Response in Opposition to Defendant's Motion under seal ("the Government's Response").  (Doc. No. 78.)  On May 20, 2024, Defendant filed a Reply in support of Defendant's Motion ("Defendant's Reply").  (Doc. No. 79.)  On May 28, 2024, Defendant filed a Supplement to Defendant's Motion ("Defendant's Supplement").  (Doc. No. 80. Accordingly, Defendant's Motion is ripe for a decision.

## BACKGROUND

Defendant is serving a 24-month sentence that this Court imposed on March 27, 2023 after he plead guilty to wire fraud, aggravated identity theft, and interstate transportation of stolen motor vehicle.  (Doc. No. 64.)  In Defendant's Motion, Defendant explains that his custodial term is due to expire on May 11, 2025 and because of his good behavior and progress towards rehabilitation, he is due to be released to the halfway house on November 13, 2024, and has been identified as

eligible for home detention on December 17, 2024.  (Doc. No. 74, PageID #s 499, 504; Doc. No. 74-2.)

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1), "finding that the circumstances facing his daughter and his family constitutes extraordinary and compelling reasons."[1]  (*Id.*)  Defendant asserts, but does not actually submit evidence or documentation, that once he found out about those circumstances, he submitted a letter to the Warden of FCI Schuylkill, requesting a compassionate release, but on May 3, 2024 he was told by his Unit Manager that the Warden had denied his request.  (Doc. No. 74, PageID # 500; Doc. No. 74-2.)  Defendant contends, then, that he has exhausted his administrative remedies and can file Defendant's Motion with this Court under 18 U.S.C. § 3582(c)(1).

Defendant concedes that the circumstances set forth in Defendant's Motion do not constitute extraordinary and compelling circumstances as set forth in U.S.S.G. § 1B1.13, but Defendant submits that the circumstances presented do qualify for relief under the "other reasons"

set forth in § 1B1.13(b)(5).[2]  Defendant submits that if released, he will return to the family's home and requests that this Court place him on house arrest with electronic monitoring, which will ensure that he remains in the home at all times, with the sole exception of ███████████████ ███████████████████████████  (Doc. No. 74, PageID # 504.)  Defendant also represents that while incarcerated, he has completed the Residential Drug Abuse Program (RDAP), has had no rule infractions, and has been "a model inmate."[3]  (*Id.*)  However, Defendant does not provide documentary or other evidence or support for these assertions.

Defense counsel also explains "[d]uring the course of [Defendant's and others'] offenses" that are the subject of the instant case "Mr. Ohuche also committed aggravated identity theft [in] the Western District of Pennsylvania," citing *United States v. Ohuche*, Case No. 2:22-cr-144 (W.D.Pa.)  (Doc. No. 74, PageID # 505.)[4]  According to Defense counsel, and as evidenced by Exhibit B attached to Defendant's Motion, Defendant is serving a 24-month sentence to run consecutive to the sentence imposed by this Court in the instant case, that was imposed by the United States District Court for the Western District of Pennsylvania on September 27, 2023. (Doc. No. 74-1, PageID # 514.)  Defense counsel acknowledges the Pennsylvania case was not mentioned in Defendant's PSR prepared for purposes of sentencing in this case.  He represents that Defendant would need to receive a sentence reduction from both this Court and the District Court in the Western District of Pennsylvania in order to be released.  Defense counsel represents

---

[2] U.S.S.G. § 1B1.13(b)(5) reads as follows:  OTHER REASONS.—The defendant presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

[3] The Court recognizes that according to U.S.S.G. § 1B1.13(d) "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement;" but that "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction to the defendant's term of imprisonment is warranted."

[4] Exhibit B attached to Defendant's Motion indicates that the date of this offense is 10-04-2021, or while Defendant was on probation.  (Doc. No. 74-2, PageID # 514; PSR, Doc. No. 60, PageID # 307.)

that Defendant's counsel in Pennsylvania intends to file a motion for sentence reduction in the Pennsylvania case if and only if this Court grants Defendant's Motion.

Attached to the Government's Response as Exhibit 1 is information from the BOP confirming that Defendant submitted a request for compassionate release and the Warden denied it on May 9, 2024.  (Doc. No. 78-1.)[5]  In the Government's Response, the Government agrees that "the unique facts of this case present a set of circumstances that are 'similar in gravity' to those set forth under § 1B1.13(b)(3) and that his circumstances could be 'extraordinary and compelling'."  (Doc. No. 78, PageID # 525.)  However, the Government argues that the § 3553(a) factors weigh against granting Defendant an early release.

The Government correctly quotes from that portion of the PSR that summarized the facts and circumstances of this case.  Based upon these facts and circumstances, the Government correctly characterizes Defendant as being involved in "a wide-ranging interstate fraud scheme that victimized people from across the county."  (Doc. No. 78, PageID # 527.)  The Government contends that Defendant not only stole physical property, but also contributed to the continuing problem of identity theft, an increasing nationwide problem and one in the Cleveland metropolitan area and Ohio that has placed these areas in the top 20 most victimized places.

The Government also cites to Defendant's criminal convictions,[6] and notes that Defendant was on probation at the time he committed the offenses in this case.  Indeed, not included in the Government's recitation of Defendant's convictions presumably because it was not included in the

---

[5] This Exhibit indicates that Defendant submitted a written request for compassionate release to the Warden on April 30, 2024, representing that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which is slightly different information than that represented in Defendant's Motion.  Although the response from Warden Rickard refers to the date of Defendant's request for compassionate release as February 14, 2022, Warden Rickard dated the denial 5/9/2024.

[6] Defendant has prior convictions for:  armed robbery (1996); unlawful possession of a firearm (1999); Assault (1999 and committed while on bond); DUI, felony hit and run (2007); three parole violations (2016); two counts of identity theft (2016); and identify theft (2019).  (Doc. No. 78, PageID # 528.)

PSR, is the conviction for Aggravated Identity Theft in Pennsylvania discussed above.  According to the Government, reducing Defendant's sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense or protect the public from future crimes by Defendant.

In Defendant's Reply, Defendant does not really offer any argument in opposition to the Government's evaluation of the § 3553(a) factors, other than asserting that his family's needs and circumstances outweigh any concern that a reduction will not promote respect for the law. Defendant again submits that granting Defendant's Motion would result in a relatively small reduction of six or seven months and allow him to assist his family.  Included in Defendant's Reply is the contents of a letter written by Defendant, highlighting his rehabilitative efforts while incarcerated, his commitment to self-improvement, and that his daughter and family need him.

In Defendant's Supplement, Defendant represents that on Thursday, May 23, 2024, ███

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████

## ANALYSIS

First, the Court finds that Defendant has exhausted his administrative remedies.  Second, the Court acknowledges that the Government agrees that what it has described as the "unique" facts of this case are "similar in gravity" to those set forth under § 1B1.13(b)(5).  However, assuming but without specifically finding that the facts of this case are "similar in gravity" and qualify as "extraordinary and compelling circumstances," the fact remains that evaluation of the § 3553(a) factors weigh in favor of denying Defendant's Motion.

As the Government points out, reducing Defendant's sentence would not reflect the seriousness of the offenses, promote respect for the law, or provide just punishment for the offenses.  And the Government is correct that Defendant's criminal history dates to 1996 when he was convicted of Armed Robbery.  Since then, Defendant has been convicted of Unlawful Possession of a Firearm, an Assault while he was on bond, a DUI, Felony Hit and Run when his then one-year old son was in the car; two counts of Identity Theft in 2016, Identify Theft in 2019, and Aggravated Identity Theft in 2023.  The two-year jail sentence imposed for the 2016

conviction did not deter him from committing Identity Theft in 2019, the offense involved in this matter or the Aggravated Identity Theft in 2021.  Also, Defendant was on probation at the time he committed the three offenses involved in this case, and the Aggravated Identity Theft offense he was convicted of in Pennsylvania.  (PSR, Doc. No. 60, PageID # 307, ¶ 40.)  So, supervision also has not deterred him from committing crimes.  Accordingly, a reduction in Defendant's sentence would not protect the public from future crimes by Defendant.  The Court is aware that Defense counsel has recommended that the Court grant Defendant a sentence reduction and be placed on supervised release with a condition of one-year of home detention.  The problem is that Defendant's offenses in this case, as well as the Identity Theft convictions in 2016, 2019 and Aggravated Identity Theft in 2023 can be committed from Defendant's home, while on home detention.  Therefore, Defendant's Motion is denied.

Although the Court is denying Defendant's Motion, the Court sympathizes with the plight of Defendant, his daughter, wife and son, and wishes his daughter a speedy recovery.  Between the mother of Defendant's daughter, the medical doctors and social worker(s), it appears that Defendant's daughter is in good hands.


**IT IS SO ORDERED.**


*s/Pamela A. Barker*
PAMELA A. BARKER
Date:  May 28, 2024                          U. S. DISTRICT JUDGE